# IN THE COURT OF APPEALS OF IOWA

No. 22-1409
Filed May 10, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JORDAN GARRETT MCKIM CRAWFORD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jefferson County, Lucy Gamon, Judge.

Jordan McKim Crawford appeals the imposition of a seventy-percent mandatory minimum sentence. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, Kyle Hanson and Nick Siefert, Assistant Attorneys General, and Kadison Roberts, Law Student, for appellee.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**BOWER, Chief Judge.**

Jordan McKim Crawford appeals the mandatory minimum sentence imposed for his conviction of robbery in the second degree.  Finding no abuse of discretion, we affirm.

In 2018, Crawford participated in a series of offenses involving robbery and selling drugs.  A jury convicted Crawford of ongoing criminal conduct and robbery in the first degree.  *State v. Crawford*, 974 N.W.2d 510, 515 (Iowa 2022).  In 2022, the supreme court reversed his convictions, vacated his sentences, and remanded the case to the district court to enter judgment convicting him of robbery in the second degree and for resentencing.  *Id.* at 526.

On remand, the district court complied with the supreme court's instruction.  The court imposed a seventy-percent mandatory minimum as part of Crawford's sentence.[1]  Crawford appeals, asserting the district court abused its discretion "by failing to take into account [Crawford]'s very minimal role in this offense" and asserting the court should have instead imposed the fifty-percent mandatory minimum.

"If the sentence imposed is within statutory limits, as it is here, we review for an abuse of discretion."  *State v. Majors*, 940 N.W.2d 372, 385 (Iowa 2020).  "An abuse of discretion may exist if the sentencing court fails to consider a factor,

---

[1] Iowa Code section 902.12(4) (2022) requires a mandatory minimum sentence for persons convicted of robbery in the second degree, giving the sentencing court discretion to set the mandatory period "between one-half and seven-tenths of the maximum term of the person's sentence."  *See Clayton v. Iowa Dist. Ct.*, 907 N.W.2d 824, 826 (Iowa Ct. App. 2017).

gives significant weight to an improper factor, or arrives at a conclusion that is against the facts." *Id.* at 387.

The court provided its reasons for ordering Crawford to serve a seventy-percent mandatory minimum rather than fifty percent of the sentence term:

> What I am considering is just as what is stated in [Iowa Code section 901.11(4)], the defendant's criminal record, which includes a prior felony conviction for robbing a bank, and the validated risk assessment in which the defendant scored in the high category for future violence and moderate to high category for future victimization according to the presentence investigation.
>
> I'm also considering the negative impact the defendant had on [the] victim or other persons. . . .
>
> Now, I totally understand that this defendant is not charged with holding the gun and robbing the bank. He is charged and convicted with aiding and abetting in that robbery in the second degree and his involvement in the robbery has been outlined by the State, I believe, accurately.
>
> But, again, pursuant to the statute, the court is required to consider the negative impact this offense of aiding and abetting robbery second degree had on the victim and other persons; and I believe it's appropriate for me to consider the victim or other persons' testimony in this case.

The court did consider Crawford's role in the robbery when weighing the circumstances for sentencing. Given the circumstances of this case, we find no abuse of discretion and affirm Crawford's sentence.

**AFFIRMED.**